**In re the Petition for DISCIPLINARY ACTION AGAINST Mark T. WEEMS, an Attorney at Law of the State of Minnesota.**

No. C0-92-2000.

Supreme Court of Minnesota.

Nov. 3, 1992.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition with this Court alleging that the respondent Mark T. Weems had committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent falsely notarized his client's signature on a verification of a petition in a marital dissolution proceeding, failed to obtain his client's verification of the petition before mailing the petition to his client's spouse, and failed to take any substantive action with regard to the marital dissolution proceeding for a period of several months, despite his client's repeated requests that he do so.

Along with the petition, the Director filed a stipulation for discipline with this court. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and a 2–year probation. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Mark T. Weems, hereby is publicly reprimanded and placed on probation for a period of 2 years, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That respondent's probation shall be subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with this probation and shall respond promptly to

---

the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct against respondent which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

b. Respondent shall initiate and maintain office procedures which ensure that respondent responds promptly to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

c. Within 30 days from the date of this order, respondent shall provide the Director with a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.